WILLIAM DERRICK *et als. v.* THE STATE.

SUMMARY PROCEEDINGS.    *Motion against securities on Trustee's bond, after
death of principal.*   Under the Code, section 735, a motion for the offi-
cial default of the County Trustee as a revenue collector, will lie by
the State against the sureties on his bond, where the Trustee dies be-
fore the motion is made or notice given.

FROM CUMBERLAND.

Appeal in error from the Circuit Court of Cum-
berland county.    D. K. YOUNG, J.

D. L. SNODGRASS for Derrick.

ATTORNEY-GENERAL LEA and JNO. FRIZZELL for
the State.

COOPER, J., delivered the opinion of the court.

J. P. Hamby was elected trustee of Cumberland
county at the August election, 1876, and on the 4th
of September, 1876, he gave the required official bond,
with the plaintiffs in error as his sureties, and entered
upon the discharge of the duties of his office.    At
the April term, 1877, of the County Court, he renewed
his bond with, so far as appears, the same sureties,
in compliance with the provisions of the act of 1877,
ch. 3, extending the time for the collection of the
taxes for the year 1876, and shortly thereafter died.
At the December term, 1878, of the Circuit Court of
Cumberland county, a motion was entered of record

by the State against the plaintiffs in error, as sureties on said bond, for the failure of their principal to pay over a given sum of State revenue for the year 1876. The motion was based on a formal notice given to the plaintiffs in error five days before the commencement of the term. At the April term, 1879, the plaintiffs in error appeared, and continued the cause on affidavit. At the August term, 1879, judgment was rendered against them and in favor of the State for the amount specified in the notice, with interest and damages. No pleas were filed to the action, nor was any defense made on the trial, except to the introduction of evidence by the State upon the ground that the trustee, their principal, was not notified, and moved against with them. They made out a bill of exceptions and appealed in error. It seems, although the fact does not appear in the transcript before us, that there was a preliminary motion to dismiss the proceeding upon the same grounds of defense made at the hearing, which motion was overruled by the Circuit Judge. The correctness of his action must depend upon the conclusion to which we may come as to the validity of the defense relied on.

The principal ground now relied upon for reversal is, that the summary proceedings by motion will not lie against the sureties alone without the principal. Under the statutes upon this subject, which were brought into the Code, section 3583 *et seq.*, it was held that the motion would only lie against all of the parties against whom it was jointly given, and, therefore, where the statute allowed the motion against the prin-

cipal and his sureties, it could not be made against the sureties alone. *Houston* v. *Dougherty,* 4 Hum., 505. And, although the ruling was modified where any of the sureties died so as to permit the motion against the survivors, the modification was, in the case cited, held not to apply to the death of the principal. Under the wording of the Code, section 3583, the same rule would probably still prevail, except where it is otherwise expressly provided. *Prowell* v. *Fowlkes,* 5 Baxt., 649. The Code, section 730, is: " Any officer concerned in the collection of revenue who has failed to collect, make returns or settlement, or pay over money of the State by him received, at the time and in the manner required by law, may be proceeded against summarily *on motion in the Circuit Court,* by the proper law officer of the State, pursuant to the instructions of the Comptroller." Then follow some provisions touching the evidence and judgment in such cases, after which is section 735: " If the delinquent, or either of his sureties, has died before the motion is made, the court shall give judgment against the sureties alone in case of the death of the principal, or against the principal and surviving sureties on the bond in case of the death of either of the sureties."

It has been ingeniously and ably argued by the learned counsel for the plaintiffs in error, that this provision of the Code only applies where the motion has been made, or the notice given to the principal. But the Code says, " if the delinquent die before the motion is made." And the wording of the act of 1840, ch. 160, sec. 13, from which this provision ·of

the Code is taken, leaves no room for doubt as to the legislative meaning. It says: "That in all cases where a sheriff, or other collector of the public revenue, or either of his securities, may have died before motion is made for any neglect or omission of payment on the revenue bond, it shall be the duty of the court to give judgment on motion against the sureties alone, in case of the death of the principal, or against all the survivors on the bond in case of the death of any or either of the sureties, in the same manner, and with the same effect as if given against the principal and all of the sureties, as now provided for by law."

It is obvious that the Legislature intended to take the bonds of revenue collectors out of the ordinary rule, and to give the State the summary remedy in all contingencies. And the service of notice is, when made by the Attorney General in a State case, the beginning of the suit. *State* v. *Dail*, 3 Heis., 272; *Young* v. *Hare*, 11 Hum., 303.

It is also argued, that the act of 1875, ch. 91, abolished the office of revenue collector, and transferred his duties to the county trustee; that the provision of the Code, section 735, applied to the old officers, and cannot be extended by construction to the county trustee. But the language of section 730 is: "Any officer concerned in the collection of revenue," may be proceeded against summarily on motion. The provision is general and applicable not to the "revenue collector" as a specific officer, but to any officer entrusted at any time with the collection of revenue. By whatever name he may be called, he and his sure-

ties fall within the law if he be "concerned in the collection of revenue." And such a general law applies to officers subsequently created as well as to those in existence.

A further point on behalf of the plaintiffs in error has been suggested rather than argued, and that is, that they have been released by the act of 1877, ch. 3, extending the time in which to collect the taxes. assessed for the year 1876. But the Circuit Judge found as a fact that the trustee and the plaintiffs in error as his sureties, appeared at the April term, 1877, of the County Court, and acknowledged their liability anew as required by the second section of that act. The bill of exceptions shows that the clerk of the County Court produced and proved the records of the County Court and read therefrom "the several bonds. executed by said Hamby as trustee at the April term, 1877," and the bonds in the bill of exceptions, purporting to be thus read from the minutes of that court, are the identical bonds originally given by the trustee.

The defendants introduced the chairman of the County Court as a witness, who proves that Hamby "executed the bonds set forth on the minutes of the court as renewal bonds as trustee, under the act of 1877." It is true that both he and another witness. introduced by the defendants depose that the latter was also one of Hamby's sureties. But the fact does not so appear from the record or bonds. It is probable that the witness went with the plaintiffs in error before the County Court, intending to become a surety, but neglected to sign the bonds. Be this as it may,

the finding of the Circuit Judge was warranted by the evidence.

There is no error in the judgment, and it will be affirmed.